IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIELLE H.,
    Plaintiff,

vs.

LELAND DUDEK,
**Acting Commissioner of Social Security Administration,**
    Defendant.

Case No.: 1:21-cv-00461-KRS

### ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)

**THIS MATTER** is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Motion"), (Doc. 39), filed on March 10, 2025. (Doc. 39). Plaintiff's counsel, Benjamin E. Decker ("Mr. Decker" or "Plaintiff's counsel"), conferred with counsel for the Social Security Administration in accordance with D.N.M.LR-Civ. 7.1(a), and Defendant "takes no position on the relief sought by this Motion." (Doc. 39 at 6).

In the Motion, Plaintiff's counsel petitions the Court for an order authorizing attorney fees in the amount of $18,453.50 for legal services rendered before this Court. (Doc. 39 at 6). The Court having reviewed the Motion and the relevant law, finds the Motion shall be **GRANTED IN PART**.

    **I.**    **PROCEDURAL BACKGROUND**

Plaintiff instituted an action in this Court seeking judicial review of Defendant's denial of her application for Social Security disability benefits. The Court reversed the decision of the Commissioner and remanded for a new hearing. Subsequently, the Court awarded Plaintiff attorney fees in the amount of $4,817.80 pursuant to the Equal Access to Justice Act ("EAJA"),

28 U.S.C. § 2412. (*See* Doc. 37).

On February 8, 2024, upon remand, the Social Security Administration determined Plaintiff was disabled, entered a fully favorable decision, and awarded her past-due benefits of $73,814.00. (*See* Doc. 39 at 6; Doc. 39-2 at 4). Plaintiff was further notified that the Social Security Administration withheld $18,453.50 from her total benefit payment pending an award of attorney fees pursuant to 42 U.S.C. § 406(b), which constitutes twenty-five percent of total backpay benefits. (*See* Doc. 39 at 6; Doc. 39-2 at 4).

Plaintiff's counsel now seeks an award of $18,453.50, approximately twenty-five percent of the total past-due benefits awarded to Plaintiff, pursuant to the contingency fee agreement Plaintiff entered into with Mr. Decker. (Doc. 39 at 6; Doc. 39-3 at 1). In the Motion, Plaintiff's counsel explains that he will refund to Plaintiff $4,817.80 in EAJA fees previously awarded by the Court, which would result in an hourly rate of $835.00.[1] *See* (Doc. 39 at 6). As stated above, Defendant takes no position on the Motion. (*Id.*)

**II.   ANALYSIS**

A court may award fees under Section 406(b) when, as here, "the court remands . . . a case for further proceedings and the Commissioner ultimately determines that the claimant is entitled to an award of past-due benefits." *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006). "The tenor of § 406(b) is permissive rather than mandatory." *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971). "It says that the court may make such an award, not that such an award shall be made." *Id.* Traditionally, an award of attorney fees is a matter within the sound discretion of the

---

[1] Notably, Plaintiff did not include Mr. Decker's hourly rate in the Motion. The Court, *sua sponte*, determines that the Mr. Decker's requested hourly rate is based on a Section 406(b) award in the amount of $18,453.50 with 22.1 hours of work on this matter. (Doc. 39 at 6). $18,453.50 divided by 22.1 hours is $835 per hour.

court. *Id.*

Section 406(b) does impose some guidelines, however, permitting only "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." § 406(b)(1)(A). Unlike EAJA fees, which are paid in addition to past-due benefits, Section 406(b) fees are paid out of past-due benefits. *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008). If fees are awarded under both EAJA and Section 406(b), the attorney must refund the lesser award to the claimant. *Id.* at 934.

The reasonableness of Section 406(b) fees is determined largely by "the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). Factors relevant to the reasonableness of the fee request include: (1) whether the attorney's representation was substandard; (2) whether the attorney was responsible for any delay in the resolution of the case; and (3) whether the contingency fee is disproportionally large in comparison to the amount of time spent on the case. *See id.* Ultimately, Plaintiff's attorney has the burden of showing that the fee sought is reasonable. *Id.* at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). In addition to a record of the number of hours spent representing a claimant in federal court, a court may also require an attorney to submit a statement of his normal hourly billing rate for non-contingency fee cases. *Id.*

In the context of a Section 406(b) fee request, the court's first inquiry is whether the fee agreement between the claimant and her attorney meets Section 406(b) guidelines. Although Section 406(b) does not prohibit contingency fee agreements, it does render them unenforceable to the extent that they provide fees in excess of 25 percent of the past-due benefits. *Id.* at 807.

Here, the contingency agreement between Plaintiff and her attorney provided that if Plaintiff was awarded benefits by the Social Security Administration following a remand that Mr. Decker would be entitled to "twenty-five percent (25%) of all the past-due benefits that are awarded to" Plaintiff. (Doc. 39-3 at 1). Thus, on its face, Plaintiff's fee agreement meets Section 406(b)(1)'s guideline of not exceeding 25 percent of the past-due benefits.

Still, Section 406(b) requires the Court to act as "an independent check" to ensure that fees are reasonable. *Gisbrecht*, 535 U.S. at 807 n.17. Applying the factors outlined in *Gisbrecht*, the Court finds that Mr. Decker achieved a fully favorable result for Plaintiff in this case, resulting in a significant past-due payment as well as a continuing monthly award. Moreover, the Court cannot say that Mr. Decker was responsible for any delay in the resolution of this case. The instant motion was filed less than a month after Plaintiff received notice of entitlement to past-due benefits. (*Compare* Doc. 32, with Docs. 32-1, 32-2).

An attorney's experience is another relevant factor when considering a Section 406(b) fee request. *See Gordon v. Astrue*, 361 F. App'x 933, at 2–3 (10th Cir. 2010) (noting that in addition to the *Gisbrecht* factors, the trial court also considered the factors established by the Seventh Circuit in *McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989), which include the attorney's experience). Mr. Decker has been practicing law for 17 years. (Doc. 39 at 2). He is a member of the National Organization of Social Security Representatives, trains other lawyers in Social Security law, and regularly practices in federal court. (*Id.* at 3). In addition, the Court finds that Mr. Decker's representation of Plaintiff in this case was more than adequate. Mr. Decker's Motion to Reverse and Remand was thorough and persuasive. *See* (Doc. 29). It is telling that after its filing, Defendant moved for remand in lieu of filing a brief in opposition. *See* (Doc. 33).

Mr. Decker's fee request, however, is exactly at 25 percent of past-due benefits contemplated by Plaintiff's contingency agreement. A related consideration, though, gives the Court some pause. That is, the Court must consider whether the requested fee is disproportionally large in comparison to the amount of time spent on the case. Here, Mr. Decker's time sheets indicate that he expended 22.1 hours representing Plaintiff in federal court in this matter. (Doc. 39-4). As such, his request of $18,453.50 in fees translates to an hourly rate of roughly $835.00, which is considerably higher than the average for Section 406(b) fees recently authorized in this District and by the undersigned. *See, e.g.*, *Esperanza L. v. Colvin*, No. 1:23-cv-00478-KRS, 2025 U.S. Dist. LEXIS 9759, at *4, 2025 WL 212316 (D.N.M. Jan. 16, 2025) (23.6 hours for an hourly rate of $426.08); *Audry R. v. Colvin*, No. 1:22-cv-00474-KRS, 2024 U.S. Dist. LEXIS 224434, at *4, 2024 WL 5076214 (D.N.M. Dec. 11, 2024) (29.6 hours for an hourly rate of $537.30); *Ornelas v. O'Malley*, No. 21-01031 KRS, 2024 U.S. Dist. LEXIS 107388, at *4, 2024 WL 3045280 (D.N.M. June 17, 2024) (37.7 hours for an hourly rate of $268.22,); *Maldonado v. Kijakazi*, No. 20-CV-01119-KRS, 2023 U.S. Dist. LEXIS 158508, at *8, 2023 WL 5748757 (D.N.M. Sep. 6, 2023) (37.8 hours for an hourly rate $636.70); *Lovato v. Kijakazi*, No. 20-cv-187-KRS, 2023 U.S. Dist. LEXIS 18802, at *7, 2023 WL 1765380 (D.N.M. Feb. 3, 2023) (24.5 hours for an hourly rate of $524.98).

Even so, the $835-hourly-equivalent fee would not be the highest awarded in this District. For instance, Mr. Decker refers the Court to a case in which the Honorable Carmen Garza authorized a Section 406(b) fee award that translated to $800.00 per hour: *Herrera v. Saul*, No. CV 19-140 CG, 2021 U.S. Dist. LEXIS 33340, 2021 WL 698658, at *2 (D.N.M. Feb. 23, 2021) (25 hours reported for an attorney with 30 years of experience in Social Security cases, in addition

to 16 years performing psychological and vocation evaluations). And the Court's own research also reveals a handful of cases in which Section 406(b) fees authorized in this District have approached or exceeded the hourly rate at issue here. *See, e.g.*, *Kelley v. Saul*, No. CIV 16-618 GJF, 2020 U.S. Dist. LEXIS 122691, 2020 WL 3893055, at *3 (D.N.M. July 10, 2020) (31.5 hours for an hourly rate of $1,073.68); *Baca v. Saul*, No. CV 17-449 CG, 2020 U.S. Dist. LEXIS 30576, 2020 WL 871547, at *2-3 (D.N.M. Feb. 21, 2020) (24.3 hours for an hourly rate of $1,025.00 to an attorney with over thirty years of experience); *Valdez v. Saul*, Civ. No. CV 18-444 CG, 2019 U.S. Dist. LEXIS 158041, 2019 WL 4451127, at *2 (D.N.M. Sept. 17, 2019) (28.6 hours for an hourly rate of $787.00); *Threadgill v. Berryhill*, No. CV 16-0287 JHR, 2019 U.S. Dist. LEXIS 63425, 2019 WL 1494034, at *2 (D.N.M. April 4, 2019) (18.45 hours for an hourly rate of $746.00).

Counsel represented Plaintiff from 2019 through March 2025,[2] and won Plaintiff an award of $73,814.00 in back benefits, with continuing monthly benefits of $1,117.00. (Doc. 39-2 at 2, 4). Based on this extraordinary success, counsel's overall efforts litigating this case, and his 17 years of experience in Social Security litigation, including his experience training other lawyers in this area of law, the Court finds it reasonable to award him an hourly fee of $670.00 instead of his requested rate of $835.00. (Doc. 39 at 6); *see, e.g.*, *Upton v. Saul*, No. CV 19-482 CG, 2021 U.S. Dist. LEXIS 73661, 2021 WL 1517938 (D.N.M. Apr. 16, 2021) (reducing request for 22 percent of backpay benefits at $937.67 per hour to 16 percent of backpay benefits at $700 per hour for a

---

[2] Plaintiff filed an application for disability benefits on April 19, 2019. She filed her federal complaint on May 17, 2021. The matter was remanded on June 7, 2022. A second hearing before an Administrative Law Judge ("ALJ") took place on January 18, 2024. On February 23, 2025, the Social Security Administration issued a Notice of Award. Plaintiff received the Notice of Award on March 3, 2025. *See* (Doc. 39).

case that required extended briefing on social security and constitutional issues); *Carrion v. Saul*, 1:19-cv-204 KK, 2021 U.S. Dist. LEXIS 11168, 2021 WL 214669, at *2 (D.N.M. Jan. 21, 2021) (noting "an hourly rate of $568.38 would be high for a general practitioner in New Mexico with 10 years of experience"). This results in an attorney fees award of $14,807.00, which amounts to 20 percent of the total benefits awarded to Plaintiff. Because Mr. Decker will have secured both EAJA and Section 406(b) fees, he must refund to Plaintiff the amount of the smaller fee, which in this case is the EAJA fee of $4,817.80.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b), (Doc. 39), shall be **GRANTED IN PART**. Plaintiff's counsel is awarded **$14,807.00** for legal services performed before this Court, to be paid from Plaintiff's past-due benefits previously withheld by Defendant. *See* (Doc. 39-2 at 4) (explaining Defendant withheld $18,453.50 from Plaintiff's award of past-due benefits to cover attorney fees).

**IT IS FURTHER ORDERED** that Counsel shall refund to Plaintiff the EAJA fee of **$4,817.80** previously awarded by this Court in accordance with *Gisbrecht*, 535 U.S. at 796. *See also Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**IT IS SO ORDERED.**

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE